IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-185-FL

| | |
|---|---|
| ALEXANDER BAYONNE STROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TINY HOUSE LISTINGS, L.L.C. and ) | |
| STEVEN LEE HARRELL, ) | |
| ) | |
| Defendants. | |

This matter is before the clerk on the motion for entry of default as to defendant Tiny House Listings, L.L.C. [DE-13] filed by plaintiff Alexander Bayonne Stross. For the reasons stated below, the motion is DENIED without prejudice.

Plaintiff initiated this action by filing a complaint [DE-1] on October 26, 2021, naming Tiny House Listings, L.L.C, and Steven Lee Harrell as defendants. Plaintiff submitted a single summons addressed as follows:

> Tiny House Listings, L.L.C.
> Serve: Registered Agent
> Mr. Steven Lee Harrell
> 1621 Sunrise Lane
> Wilmington, NC 28409

See Proposed Summons [DE-1-6]. The clerk issued the summons on October 27, 2021 [DE-4].

On January 27, 2022, the clerk issued a notice [DE-6] noting that the docket did not reflect service upon the defendants and directing plaintiff to show good cause for failure to effect service within 90 days of filing the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. In response, plaintiff filed a motion for extension of time to serve defendants [DE-7],

supported by the declaration of Joseph Dunne, an attorney who is not licensed in this court and has not made an appearance in this action [DE-7-1]. The motion and declaration state that Harrell is the CEO and registered agent of Tiny House Listings, L.L.C., and that prior to April 2021, the listed business address and registered agent address for the entity was 1621 Sunrise Lane, Wilmington, North Carolina, 28409. The motion and declaration further states that after filing this action, Dunne's office engaged a process server to execute service of process at the 1621 Sunrise Lane address, but service was not successful. Dunn explains the circumstances leading to counsel not recognizing this until the clerk issued the January 27, 2022, notice. He notes that the current business and registered agent address for Tiny House, L.L.C is 1402 Marsh Cove Lane, Wilmington, North Carolina, 28409. Dunne represents that on January 28, 2022, he provided "the correct address to its process servers and expect[ed] service to be completed promptly." Plaintiff sought an additional 30 days to serve defendants. The court granted the motion and allowed plaintiff until February 28, 2022, to serve the defendants. Plaintiff then filed proposed summons, which the clerk issued, addressed to Steven Lee Harrell, 1402 Marsh Cove Lane, Wilmington, NC 28409. On February 28, 2022, Plaintiff filed proof of service as to only defendant Tiny House Listings, L.L.C. [DE-11].

Plaintiff subsequently filed the motion for entry of default as to defendant Tiny House Listings, L.L.C, asserting that the defendant was served with a copy of the summons and complaint through the North Carolina Secretary of State pursuant to N.C. Gen. Stat. § 55D-33. North Carolina law requires certain entities, like corporations and limited liability companies, to continuously maintain in the state a registered agent whose "sole duty . . . is to forward to the entity at its last known address any notice, process or demand that it is served on the registered agent." N.C. Gen. Stat. § 55D-30. If an entity's "registered agent cannot with due diligence be found at

the registered office," service may be had on the entity by delivering a copy of the process to the North Carolina Secretary of State. N.C. Gen. Stat. § 55D-33(b). This is commonly known as "substitute service." See Interior Distribs., Inc. v. Hartland Constr. Co., 116 N.C. App. 627, 631, 449 S.E.2d 193, 195 (1994) (discussing another version of the statute).

Under North Carolina law, statutes authorizing substituted service "must be strictly construed both as to the proper grant of authority for such service and in determining whether effective service under the statute has been made." Coble v. Brown, 1 N.C. App. 1, 6, 159 S.E.2d 259, 263 (1968); see also Smith v. Jones, 183 N.C. App. 643, 646, 645 S.E.2d 198, 201 (2009). Strictly construing N.C. Gen. Stat. § 55D-33, the clerk cannot find that plaintiff has met his burden in showing that the prerequisite for substituted service has been met. Specifically, plaintiff has not made any showing that the defendant's registered agent could not with due diligence be found at defendant's registered office. See Interior Distributors, Inc., 116 N.C. App. at 631, 449 S.E.2d at 195-96 (finding substitute service improper where plaintiff's attorney had knowledge of defendant's correct address but still made service through the Secretary of State). Without such a showing, the clerk cannot find that substitute service was authorized or effective under N.C. Gen. Stat. § 55D-33(b).

Accordingly, the motion for entry of default [DE-13] is DENIED without prejudice. Plaintiff may file a renewed motion for entry of default with proper support within 21 days of the filing date of this order.

Additionally, the record does not yet reflect service upon defendant Steven Lee Harrell. Within 21 days, plaintiff must show good cause why service has not been made as to Steven Lee Harrell within the time allowed by the court's previous order. Upon the expiration of 21 days, the record will be forwarded to the presiding judge for a determination of whether plaintiff has

3

demonstrated good cause. The failure to respond to this directive may result in the dismissal of claims against defendant Steven Lee Harrell without prejudice.

SO ORDERED.

This the 4 day of May, 2022.

Peter A. Moore, Jr.
Clerk of Court